

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00027-CR
_____

GARY WAYNE LAWRENCE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 294th Judicial District Court
Van Zandt County, Texas
Trial Court No. CR06-00138

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Gary Wayne Lawrence appeals from the revocation of his community supervision, on his plea of "true" to the State's allegations contained in its motion to revoke, for the underlying offense of criminal mischief in a place of worship.[1]  *See* TEX. PENAL CODE ANN. § 28.03(f) (Vernon Supp. 2008).  Lawrence was sentenced by the trial court to twelve months' confinement in a state jail facility and a fine of $500.00.[2]  *See* TEX. PENAL CODE ANN. § 12.35 (Vernon Supp. 2008).  Lawrence was represented by different, appointed, counsel at trial and on appeal.

Lawrence's attorney has filed a brief which discusses the record and reviews the proceedings. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced.  This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Lawrence April 22, 2009, informing  Lawrence of his right to examine the entire appellate record and to file a pro se response.  Counsel simultaneously

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).  We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

[2]Lawrence also appeals, in companion cause number 06-09-00026-CR, also decided this date, from the adjudication of his guilt of the offense of burglary of a habitation.  Lawrence was sentenced by the trial court to twenty years' imprisonment and a fine of $2,500.00.  The sentences are to run concurrently.

filed a motion with this Court seeking to withdraw as counsel in this appeal. Lawrence has neither

filed a pro se response, nor requested an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed

the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal.

*See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In a frivolous appeal

situation, we are to determine whether the appeal is without merit and is frivolous, and if so, the

appeal must be dismissed or affirmed. *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court.[3]

Josh R. Morriss, III
Chief Justice

Date Submitted: July 2, 2009
Date Decided: July 3, 2009

Do Not Publish

---

[3]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Lawrence in this case. No substitute counsel will be appointed. Should Lawrence wish to seek further review of this case by the Texas Court of Criminal Appeals, Lawrence must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.